The People of the State of Illinois, on the Relation of Wilma Highsmith, Plaintiff-Appellant, v. County of Jefferson, Leslie R. Sheldon, et al., Defendants-Appellees, and Security Bank and Trust Company of Mt. Vernon, Illinois, Garnishee Defendant-Appellee.

Gen. No. 68–47.

Fifth District.

March 11, 1969.

41

Hanagan & Dousman, of Mt. Vernon, for appellant.

Frank H. Walker, State's Attorney of Jefferson County, of Mt. Vernon (Lawrence J. Starman, Special Assistant State's Attorney, of counsel), for appellees.

GOLDENHERSH, P. J.

Plaintiff appeals from the judgment of the Circuit Court of Jefferson County dismissing her garnishment action directed against funds of the defendant, Jefferson County, on deposit with the Security Bank and Trust Company of Mt. Vernon, hereafter called Security.

The prior proceedings are reviewed in our opinion in People ex rel. Highsmith v. County of Jefferson, 87 Ill App2d 145, 230 NE2d 480. The Supreme Court denied leave to appeal, and upon remand the Circuit Court entered judgment ordering a writ of mandamus to issue. The pertinent part of the order reads:

> "Wherefore, It Is Ordered that the defendants who are members of the County Board of Supervisors of the County of Jefferson, or their successors, and Leslie Elliott, as successor of Robert Ruddick, Treasurer of the County of Jefferson, shall comply with the Mandate of the Appellate Court and that said defendants shall order to be issued by the Treasurer of said County a draft or drafts to pay said judgment and costs, and that additional interest

at 5% per annum be computed and added to such amounts as may be due until the entire amount due has been paid. Execution may issue."

Following service of the writ of mandamus, plaintiff obtained the issuance of a garnishment summons directed to Security, as garnishee. Security answered that it had in its possession funds in an amount in excess of plaintiff's demand, on deposit in a checking account in the name of Leslie C. Elliott, County Treasurer, "General Fund." Plaintiff thereupon moved for the entry of judgment against Security. The Circuit Court denied the motion on the ground "that the County is immune from having a judgment against it collected through garnishment procedure." Judgment was entered dismissing Security as garnishee and this appeal followed.

Security has made no appearance here, and in oral argument counsel for plaintiff stated, without contradiction, that it is holding funds sufficient to satisfy the judgment pending the decision of this appeal.

Plaintiff contends that insofar as chapter 34, section 604, Ill Rev Stats prohibits a levy on county funds, it is unconstitutional. The defendants argue that county funds are not subject to garnishment.

Section 604 of chapter 34 provides:

"Execution shall not, in any case, issue against the lands or other property of a county; but when judgment is rendered against a county, the county board shall direct an order to be drawn on the county treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts."

Section 604A provides for the appropriation of funds to pay judgments, and section 604B authorizes the County board to provide for the payment of judgments in equal annual installments, not exceeding ten.

No appeal was taken from the judgment ordering the writ of mandamus to issue, and it cannot be ascertained from the record whether the defendants intended to comply with the writ, or if so, in what manner. On oral argument, counsel stated that it was the defendants' intent to pay the judgment in 10 annual installments, but upon inquiry by the court stated further that no provision was made therefor in the appropriation and levy adopted subsequent to the issuance of the writ.

 The Supreme Court has construed the word "shall" when used in a statute as meaning both "must" and "may" depending upon the legislative intent. Cooper v. Hinrichs, 10 Ill2d 269, 140 NE2d 293.

The Supreme Court has stated the rules of statutory construction as follows:

> "The cardinal rule of statutory construction, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature in enacting the law." Electrical Contractors Association of City of Chicago, Inc. v. Illinois Building Authority, 33 Ill 2d 587, 591.

> "In determining the intent of the legislature consideration must be given to the entire statute, its nature, objects and the consequences which would result from construing it one way or another." Carrigan v. Illinois Liquor Control Commission, 19 Ill 2d 230, 233.

Applying these rules we construe section 604 to mean that the county board shall comply with the paragraph above quoted, unless for lack of funds it becomes necessary to invoke the provisions of 604A and 604B.

 The judgment ordering the writ of mandamus to issue directs compliance in accordance with section 604. "The only proper return to a peremptory writ of mandamus is a certificate of compliance with its requisi-

tions without further excuse or delay," People ex rel. Illinois Midland Ry. Co. v. Barnett Supervisor and Town Clerk, 91 Ill 422, 434. The judgment was not appealed from, is final, and no reason for noncompliance is shown.

The record shows that there is sufficient money in the "General Fund" to satisfy the judgment, and there is no evidence of inability to comply with the writ of mandamus.

■■■ Disobedience of the mandate of a writ will subject the defendant to punishment for contempt, People ex rel. Bristol v. Pearson, 3 Scam 270 (4 Ill) ; People ex rel. Euziere v. Rice, 290 Ill App 514, 8 NE2d 683; and this record reflects no excuse for defendants' disobedience. The availability of this remedy, however, does not preclude use of a simpler and more effective means of enforcing the writ, and we fail to perceive in what manner defendant is prejudiced because plaintiff proceeded in garnishment, rather than a contempt proceeding. Under the circumstances shown the garnishment will lie, and the judgment must be reversed.

Having decided the issue on other grounds, we do not reach the question of the constitutionality of section 604.

For the reasons set forth the judgment is reversed, and the cause remanded, with directions to vacate the order dismissing the garnishee defendant, enter judgment in favor of plaintiff and against the garnishee, and for such further necessary proceedings as are consistent with this opinion.

Judgment reversed and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.