GALENA PARK HOME, Plaintiff-Appellee, v. WILLIAM KRUGHOFF, Defendant-Appellant.

Third District    No. 3—88—0462

Opinion filed May 17, 1989.

James E. Swanson, of Peoria, for appellant.

Leanna L. Karnopp, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The trial court entered judgment in the sum of $8,407.82 in favor of the plaintiff, Galena Park Home, and against the defendant, William Krughoff. The defendant appeals. We affirm.

On April 7, 1986, the plaintiff sued the defendant for payment for nursing home services the plaintiff had provided the defendant's father, Clarence Krughoff. At trial Dianna Stroud, the plaintiff's assistant administrator, testified that on September 21, 1982, Clarence Krughoff was admitted into Galena Park Home. According to Stroud, at the time of the admission the defendant told her that he would take personal responsibility for the cost of the care. While Clarence Krughoff was under the plaintiff's care, the defendant had difficulty getting Blue Cross/Blue Shield to pay for some of the nursing home services. Stroud testified that on several occasions the defendant assured her that regardless of Blue Cross's actions he would be personally responsible for the bill.

The defendant testified that he had previously filed suit against Blue Cross to compel them to pay $8,412.65 for the nursing home services. In his verified complaint against Blue Cross, the defendant stated that he was personally liable for the amount due and that he had paid the plaintiff in full. As a result of the suit, Blue Cross paid to the defendant's attorney the full amount due Galena Park Home. The attorney deducted his legal fees from Blue Cross's payment and transferred $4,255.62 to the defendant. The defendant offered that amount to the plaintiff in full settlement of the account, but the plain-

tiff rejected the offer.

The defendant admitted that he had not paid any money on his father's account. He stated that he believed he was not responsible for the full amount of the unpaid bill but was only required to turn over the amount he received after the deduction of attorney fees.

The trial judge held for the plaintiff under the doctrine of promissory estoppel. The defendant argues on appeal that the doctrine of promissory estoppel should not apply in this case. The plaintiff replies that the doctrine was properly applied and, alternatively, that the doctrine of judicial estoppel should bar the defendant from denying liability for the full amount of the unpaid services. We find that the judgment should be affirmed under the doctrine of judicial estoppel and will therefore address the appeal on that basis.

■ The defendant first argues that the judicial estoppel argument was waived because it was not advanced at trial. We note, however, that an appellee is entitled to sustain a judgment by any argument and upon any basis appearing in the record, even if that argument was not raised at trial. (*Village of Arlington Heights v. National Bank* (1977), 53 Ill. App. 3d 917, 369 N.E.2d 502.) Consequently, the waiver doctrine is inapplicable to this case.

■ The doctrine of judicial estoppel provides that when a party assumes a particular position in a legal proceeding, that party is estopped from asserting a contrary position in a subsequent proceeding. (*Finley v. Kesling* (1982), 105 Ill. App. 3d 1, 433 N.E.2d 1112.) The doctrine applies only when the following elements are established: (1) two positions have been taken by the same party; (2) the positions were taken in separate judicial or quasi-judicial administrative proceedings; (3) the party intended that the trier of fact accept the truth of the facts alleged in support of the positions; (4) the party was successful in asserting the first position and received some benefit in the first proceeding; and (5) the two positions were inconsistent. *Department of Transportation v. Grawe* (1983), 113 Ill. App. 3d 336, 447 N.E.2d 467.

■ In his suit against Blue Cross, the defendant stated in his verified complaint that he was liable for the costs of his father's care and that he had expended $8,412.65 on his father's bill. As a result of that proceeding, he and his attorney received the full amount due on the bill. In the instant case, by contrast, the defendant stated that he had not expended any money for his father's care and that he did not believe that he was liable for the full amount of the bill. As this position is inconsistent with the defendant's position in the previous case, and since the defendant received a benefit from the first proceeding, we

find that he was judicially estopped from arguing in the instant case that he was not liable for the full amount of his father's bill.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.