THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KENNETH WISBROCK, Defendant-Appellee.

Third District    No. 3—91—0303

Opinion filed December 24, 1991.

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Darrell K. Seigler, of Ottawa, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Kenneth Wisbrock, made an oral motion *in limine* seeking to prevent the State from entering into evidence the result of his breathalyzer test. The trial court granted his motion, and the State appeals.

The record shows that after the defendant was arrested for driving under the influence of alcohol (DUI), he attempted to take a breathalyzer test. The machine issued a result reading ".11 deficient sample." According to the arguments presented by trial counsel in the court below, the State summarily suspended the defendant's driver's license due to his refusal to submit to blood-alcohol content testing (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1). In other words, the State viewed providing a deficient sample as equivalent to refusing to take the breathalyzer test. (We note that the State also contended below that the defendant's refusal to take a blood test at a hospital was another basis upon which his license had been summarily suspended. However, it appears that the parties now agree on appeal that the basis for the license suspension was the deficient breathalyzer sample.)

Prior to his DUI trial, the defendant made an oral motion *in limine* to preclude the State from using as evidence the ".11 deficient sample" test result. At the hearing on the motion, the defendant argued that because the deficient test result was used to establish a refusal to complete the test, thereby warranting the summary suspension of his driver's license, the State was precluded from using the test result to prosecute the defendant for DUI. The defendant also argued that the deficient breathalyzer sample was subject to exclusion because a proper foundation for its admission could not be established pursuant to section 11—501.2(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.2(a)(1)). The trial court concluded that the incomplete or deficient test result did not comport with the standards of the Department of Public Health as required by section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.2) and granted the defendant's motion *in limine*.

On appeal, the State argues that the trial court erred. It contends that the breathalyzer result did comport with the requirements of section 11—501.2(a)(1) of the Illinois Vehicle Code and that the deficiency of the sample should merely have affected the weight the trier of fact gave the test result. Additionally, the State contends that it should not be precluded from utilizing a breathalyzer result in a DUI trial, even if the same breathalyzer result has been construed as a refusal by the defendant and therefore used to summarily suspend his driver's license.

We hold that the doctrine of judicial estoppel is applicable in the instant case. The doctrine of judicial estoppel provides that when a party assumes a certain position in a legal proceeding, that party is estopped from assuming a contrary position in a subsequent legal proceeding. (*Department of Transportation v. Coe* (1983), 112 Ill. App. 3d 506, 445 N.E.2d 506.) For the doctrine to apply, five factors must be present: (1) the party must have taken two positions; (2) the positions must have been taken in separate judicial or quasi-judicial administrative proceedings; (3) the party must have intended for the trier of fact to accept the truth of the facts alleged in support of the position; (4) the party must have succeeded in asserting the first position and received some benefit from it; and (5) the two positions must be inconsistent. *Galena Park Home v. Krughoff* (1989), 183 Ill. App. 3d 206, 538 N.E.2d 1366.

In the instant case, the State initially took the position that the defendant had refused to take the breathalyzer test. On that basis, the Secretary of State summarily suspended his driver's license. It then took an inconsistent position in the DUI proceeding by attempting to use the result of the test to help convict the defendant. Under these circumstances, we find that the State was judicially estopped from using the breathalyzer result in the DUI trial. Accordingly, the trial court properly granted the motion *in limine. People v. Williams* (1978), 60 Ill. App. 3d 529, 377 N.E.2d 367; *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 457 N.E.2d 9 (The trial court's judgment may be sustained on any ground warranted).

Our disposition of the instant case on the basis of the doctrine of judicial estoppel makes it unnecessary to address the State's argument that the deficient sample complied with the Illinois Vehicle Code.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY and McCUSKEY, JJ., concur.