THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DENIS C. LAWLOR, Defendant-Appellee.

Second District   No. 2—96—1030

Opinion filed July 31, 1997.

Timothy W. Johnson, State's Attorney, of Sycamore (Martin P. Moltz and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

William P. Brady, of Gallagher & Brady, of De Kalb, and Howard R. Wertz, of Law Office of Howard R. Wertz, of Evanston, for appellee.

JUSTICE RATHJE delivered the opinion of the court:
Defendant, Denis C. Lawlor, was charged by information with ag-

gravated discharge of a firearm (720 ILCS 5/24—1.2(a)(1) (West 1994)) and three counts of reckless discharge of a firearm (720 ILCS 5/24—1.5(a) (West 1994)). Pursuant to a seizure order, defendant was required to surrender his firearm and ammunition. Defendant filed motions to quash the seizure order and to suppress the evidence. Following a hearing, the court granted the motions. The State filed a notice of appeal and a certificate of impairment. On appeal, the State argues that the court erred in quashing the seizure order because the order was issued based on a written affidavit and complaint and was found by a neutral judge to be supported by probable cause. We affirm.

Sergeant Deborrah Pettit of the Northern Illinois University police force filed the affidavit and complaint for a seizure order. Pettit stated in her affidavit that on November 22, 1995, there were reports of gunshots fired into Grant Towers South, a campus residence hall. Pettit interviewed Darren Burgstiner on November 27, 1995, and he told her that his cousin (defendant) stayed with him on the night of the shooting. Defendant went outside apartment No. 5 at 710 Regent and "shot off a couple of rounds." Defendant then came back inside the apartment and placed a black 9 millimeter handgun and 5 bullet casings on the bed. Later that day defendant was looking at Grant Towers South, and Burgstiner heard him say that he did not think his bullets could go that far and that he did not think the gun was pointing in that direction.

Pettit confirmed with the Chicago police department that defendant is a Chicago police officer and has a registered Sig Sauer 9 millimeter automatic pistol. Russell McLain, an Illinois State Police firearms examiner, told Pettit that the bullets from the shooting bore markings that could help identify the gun used in the incident.

Scott Carlson informed Pettit that he heard five to seven gunshots and then saw four white males standing on the sidewalk in front of 710 Regent. Carlson observed one of the men go to a car that matched a description of defendant's car. That person retrieved a flashlight from the car, picked up several items from the ground, and then went inside apartment No. 5. Carlson heard the man with the flashlight say "the evidence is gone now."

Donald McCue told Pettit that he saw defendant holding a black automatic handgun right after McCue heard gunshots in the area of apartment No. 5. Ryan Hill told Pettit that he observed three to four men exit 710 Regent and face south toward the dorms. Hill heard three shots fired and saw clouds of smoke after each shot. Hill then saw the men walk into the west entrance to 710 Regent. From Pettit's observations of the bullet holes, she believed that the shots came

from north of Grant Towers South, and 710 Regent, No. 5, is north of Grant Towers South.

Based on the information in Pettit's affidavit and complaint, Judge Douglas R. Engel issued a seizure order for a search of defendant and for the seizure of all 9 millimeter semiautomatic pistols, ammunition, and shell casings. In the seizure order, the trial judge stated that the facts were sufficient to show probable cause pursuant to Supreme Court Rule 413 (134 Ill. 2d R. 413) for the seizure and inspection of handguns and ammunition from defendant.

At the hearing on the motion to suppress, defendant testified that he had been a Chicago police officer for almost two years. On December 2, 1995, Lieutenant Lorenz of the seventh district told him that the next morning he should report to the seventh district in compliance with an order from the first deputy's office to turn over his gun, a Sig Sauer 9 millimeter pistol. The next morning, defendant reported to the seventh district and turned over his weapon to Sergeant Dennis O'Brien. Defendant was not placed under arrest, and he was not given a search warrant for the seizure of his gun. Defendant did not consent to the turnover of his weapon, and he had not received it back. After defendant turned over his weapon, he received a substitute weapon and went back to work.

Sergeant Dennis O'Brien of the Chicago police department testified that on the morning of December 2, 1995, he was told by the watch commander to bring defendant to the operations command. When they arrived, O'Brien was told that there was a court order requiring that defendant surrender any handgun that he owned, as well as any ammunition, magazines, and spent cartridges. O'Brien was told that the order was signed by Judge Engel. O'Brien was shown the order, but he did not read the whole thing. O'Brien was not told that there was a search warrant. He did see the portion that indicated what defendant was to surrender. O'Brien took defendant's Sig Sauer 9 millimeter pistol, along with the magazines and ammunition, and delivered them to his commanding officer.

Sergeant Deborrah Pettit of the Northern Illinois University police force testified that she appeared before Judge Engel on December 1, 1995. She presented the affidavit and complaint for a seizure order that she worked on with Michael Coghlan, the De Kalb County State's Attorney. When she received the order, she faxed it to Herman Cristia at the Chicago police department's Office of Professional Standards. The order was executed, and Pettit obtained the 9 millimeter Sig Sauer.

On cross-examination, Pettit testified that the seizure order looked like a search warrant, but that she now realized that it was

not one. The part of the order that authorized a search of defendant's apartment had been crossed out by Coghlan.

Michael Coghlan testified that he had been the State's Attorney of De Kalb County for almost eight years. Coghlan testified that he appeared before Judge Engel on December 1, 1995, to obtain an order to seize defendant's gun. Coghlan testified that he researched and prepared the affidavit and complaint. Coghlan testified that after researching Supreme Court Rule 413 (134 Ill. 2d R. 413) he decided to call the document a seizure order but that in retrospect he should have called it a search warrant. He also asserted that in all practicality the complaint and affidavit were for a search warrant. Coghlan used the search warrant form, but changed it to read "seizure order." Coghlan admitted that no criminal charges were pending when he prepared the complaint for the seizure order.

The trial judge granted the motions to quash the seizure order and to suppress the evidence. The trial judge ruled that the seizure order was not a search warrant.

On appeal, the State contends that the trial court erred in suppressing the seizure order because it was, in effect, a search warrant. The State's argument is that the seizure order was issued based on a written affidavit and complaint and was found by a neutral judge to be supported by probable cause and, therefore, the court should have viewed it as a search warrant. We disagree.

■ Coghlan testified that, after researching the issue, he changed the search warrant form to a Rule 413 seizure order. Coghlan was apparently relying on Rule 413(e), which provides that "[u]pon a showing of materiality, and if the request is reasonable, the court in its discretion may require disclosure to the State of relevant material and information not covered by this rule." 134 Ill. 2d R. 413(e). The State concedes that the discovery rules for criminal cases apply only after an indictment or information has been filed. See 134 Ill. 2d R. 411. Therefore, if the document was a seizure order issued pursuant to a Rule 413 request, then the trial court's ruling was correct because the request for the order was made before the defendant was charged.

Nevertheless, the State argues that the court should have relieved the State of its mistake by construing the seizure order as a search warrant. The State contends that, because the seizure order was based on an affidavit and complaint and a neutral and detached magistrate found it to be supported by probable cause, the court should have construed it as a search warrant. According to the State, incorrectly captioning the order was a technical defect, not affecting the substantial rights of the accused. The State compares the mistake to

omissions of noncritical dates and times. However, the State cites no authority for the proposition that the title of the order itself is a technical defect or that a search warrant can be issued by a judge who does not know he is issuing a search warrant.

■ The State relies on section 108—14 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/108—14 (West 1994)), which provides that "[n]o warrant shall be quashed nor evidence suppressed because of technical irregularities not affecting the substantial rights of the accused." Nevertheless, we cannot agree with the State that changing the search warrant to an order issued pursuant to a Rule 413 discovery request is a technical irregularity, and we disagree that the order was "in all practicality" a search warrant.

Pursuant to section 108—3(a) of the Code (725 ILCS 5/108—3(a) (West Supp. 1995)), a search warrant may be obtained "upon the written complaint of any person under oath or affirmation which states facts sufficient to show probable cause and which particularly describes the place or person, or both, to be searched and the things to be seized." Although the State has not provided a transcript of the proceedings to obtain the seizure order, it is clear that the State represented to Judge Engel that it was proceeding pursuant to Rule 413. In the seizure order, the judge states that he found "probable cause pursuant to Illinois Supreme Court Rule 413." However, Rule 413 does not contain a probable cause requirement. Under the section that the State relies upon, the court may order disclosure "[u]pon a showing of materiality, and if the request is reasonable." 134 Ill. 2d R. 413(e). Thus, it is not at all clear that the judge found probable cause sufficient for the issuance of a search warrant, which would exist if the facts set forth in the affidavit would cause a reasonable person to believe that a crime has been committed and that evidence of that crime is in the place to be searched. See *People v. Fowler*, 222 Ill. App. 3d 157, 162 (1991). Although the judge used the words "probable cause" in the seizure order, we do not believe that the State has shown that the judge found probable cause sufficient for the issuance of a search warrant.

■ Further evidence that the order was not a search warrant is that the procedures for executing a search warrant were not followed. Section 108—6 of the Code (725 ILCS 5/108—6 (West 1994)) requires that a copy of the warrant be provided to the person from whom the articles are seized. The State does not dispute that that was not done. Further, evidence seized pursuant to a warrant is to be returned to the court that issued the warrant, and the court is to issue an order regarding custody pending further proceedings. 725 ILCS 5/108—10, 108—11 (West 1994). Again, the State does not

dispute that this procedure was not followed here. Thus, we reject the State's contention that the seizure order was "in all practicality" a search warrant.

■ Finally, we believe that the doctrine of judicial estoppel prevents the State from now asserting that the seizure order was a search warrant. The De Kalb County State's Attorney, Michael Coghlan, testified under oath that, after looking at Rule 413, he changed the search warrant form, but that in retrospect he should have called it a search warrant. The State obtained a seizure order that was issued pursuant to a Rule 413 discovery request. The doctrine of judicial estoppel provides that, when a party assumes a certain position in a legal proceeding, that party is estopped from assuming a contrary position in a subsequent legal proceeding. *People v. Gayfield*, 261 Ill. App. 3d 379, 385 (1994). For the doctrine to apply, the party must have taken two positions, the positions must have been taken in separate judicial proceedings, the party must have intended for the trier of fact to accept the truth of the facts alleged in support of the position, the party must have succeeded in asserting the first position and received some benefit from it, and the two positions must be inconsistent. *People v. Wisbrock*, 223 Ill. App. 3d 173, 175 (1991).

■ Here, the State admittedly changed the search warrant form to a seizure order and was attempting to use the Rule 413 discovery provisions. The State received the benefit of that position by securing the seizure of defendant's gun. When defendant challenged that seizure, because the discovery rules were inapplicable, the State asserted that the seizure order was really a search warrant. We believe that our previous discussion demonstrates why these positions are inconsistent; the standards for obtaining a search warrant are different from those for obtaining discovery pursuant to Rule 413. Thus, we conclude that the State is estopped from arguing that the seizure order was a search warrant.

■ The State's only argument is that the trial court should have viewed the seizure order as a search warrant. For the first time in its reply brief, the State argues that, assuming the document was a Rule 413 seizure order, suppression of the evidence was not an appropriate sanction. The State has waived this argument. Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) provides that "[p]oints not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Accordingly, the State has waived this argument by not raising it in its initial brief.

■ Nevertheless, we briefly note that Supreme Court Rule 415(g)(i) (134 Ill. 2d R. 415(g)(i)) provides that the exclusion of evidence is an

appropriate sanction for a party's failure to comply with a discovery rule. Further, defendant was forced to surrender his weapon when a warrant had not been issued, and none of the exceptions to the warrant requirement were present. Defendant did not consent to surrendering his gun, he was not searched incident to a lawful arrest, and there were no exigent circumstances making it impractical to obtain a warrant. See *People v. Gardner*, 121 Ill. App. 3d 464, 468 (1984). Thus, defendant's fourth amendment rights were violated and suppression was the only appropriate remedy.

In sum, we find that the Rule 413 discovery request was premature because defendant had not been charged with a crime. We further find that the court did not err in refusing to construe the seizure order issued pursuant to the State's discovery request as a search warrant and in ordering the evidence suppressed.

We affirm the judgment of the circuit court of De Kalb County.

Affirmed.

THOMAS and HUTCHINSON, JJ., concur.