**In re LAKESIDE COMMUNITY HOSPITAL, INC., Debtor.**

**James E. CARMEL, Trustee, Plaintiff,**

v.

**David D. ORR, Cook County Clerk, and Edward J. Rosewell, Cook County Collector and Treasurer, Defendants,**

and

**John H. Stroger, Jr., and The Cook County Board Of Commissioners, Respondents.**

**Bankruptcy No. 91 B 07290.**
**Adversary No. 95 A 00880.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 15, 1998.

Leon Zelechowski, Elenie Huszagh, Chicago, IL, for Plaintiff.

Brian Forde, Jane L. Stuart, Thomas J. Boyle of Cook County State's Attorney's Office, Chicago, IL, for Defendants.

### MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

The Trustee for this chapter 7 estate has petitioned the Court to issue a writ of mandamus against Respondents, the Cook County Board of Commissioners ("the Board") and its president, John H. Stroger, Jr. to pay a judgment entered more than a year ago against the Defendants, David D. Orr, Cook County Clerk, and Edward J. Rosewell, Cook County Treasurer, in their official capacities. The Respondents have moved to dismiss the Trustee's petition for mandamus on the grounds that the County has no duty to pay judgments against its officers. For reasons detailed below, the Court denies Respondents' motion.

### BACKGROUND

As previously explained by the Court:

The parties settled the above referenced adversary proceeding and an agreed judgment was entered against the Defendants (Orr and Rosewell) in the amount of $431,-472.88, on April 17, 1997. The agreed judgment provided that the judgment 'shall constitute the reimbursement to the Plaintiff of monies found to be preferential transfers under 11 U.S.C. § 547.' After a few months of repeated promises to pay, but with no cash forthcoming, the trustee served a non-wage garnishment on First Chicago NBD Corp. and Amalgamated Bank of Chicago, to garnish funds in the Defendants' checking accounts.

*Carmel v. Orr (In re Lakeside Community Hospital)*, No. 95A880, slip op. at 1 (Bankr. N.D.Ill. Dec. 3, 1997).

The State's Attorney, on behalf of Orr and Rosewell, moved to quash the garnishment summonses and the Court granted their motion on December 3, 1997. In the motion to quash and supporting memoranda, the State's Attorney argued that chapter 55 § 5/1–6004 of the Illinois Compiled Statutes prohibited the Trustee from enforcing the judgment by means of a wage garnishment proceeding. The Court agreed and further determined that the appropriate method of enforcement was by means of a writ of mandamus. *Id.* at 2. Relying on the Court's direction, the Trustee filed a writ of mandamus which the State's Attorney, on behalf of the Respondents, presently seeks to dismiss.

### DISCUSSION

The State's Attorney argues in his motion that the Trustee's petition for mandamus against Stroger and the Board must be dismissed because the agreed judgment order was only entered against Orr and Rosewell and the Clerk and Treasurer "are each separate entities, completely independent of Cook County." (Resp'ts' Mot. to Dismiss, ¶ 9.) Therefore, he argues, "the County has no right or duty to compel the Treasurer or the Clerk to act." (Resp'ts' Mot. to Dismiss, ¶ 12.) The State's Attorney's arguments call into question the reasoning in the Court's previous Memorandum Opinion and, hence, the Court must revisit the issue of the propriety of a garnishment proceeding as a method of enforcing the agreed judgment order. In particular, those arguments require a determination of whether the judgment is or is not covered by § 5/1–6004.

Section 5/1–6004 of Chapter 55 of the Illinois Compiled Statutes reads in pertinent part:

§ 1–6004. Payment of a judgment against a county. A *judgment against a county* shall not, in any case, be enforced against the lands or other property of a county; but when *judgment is entered against a county,* the county board shall

direct an order to be drawn on the county treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts.

55 Ill. Comp. Stat. 5/1–6004 (West 1996) (emphasis added). As stated above, when the State's Attorney previously moved to quash the garnishment summons, he argued that enforcement of the agreed judgment order was governed by § 5/1–6004, which prohibits such enforcement of a "judgment against the county." Necessarily, therefore, his position was that the agreed judgment order was a "judgment against the county" because otherwise the prohibition contained in the first clause of § 5/1–6004 would not have been applicable. (*See* Defs.' Mot. to Quash, ¶ 4–5; Defs.' Reply Brief for Mot. to Quash, p. 2.)

In support of his present motion to dismiss the mandamus petition, which seeks enforcement of the § 5/1–6004 duty to pay judgments, he argues that the agreed judgment order against County officers in their official capacities is *not* a "judgment [ ] entered against a county" and is therefore not subject to the payment mandated by the second clause of § 5/1–6004.

It has to be one or the other; it cannot be both. If the agreed judgment order is covered by § 5/1–6004, the order quashing the garnishment summons was correct, but the petition for writ of mandamus should be granted. If that judgment is not covered by § 5/1–6004, however, then the County has no duty under that section to pay it, and the petition for mandamus should be dismissed, but garnishment would be an appropriate remedy. Not only would, in that instance, garnishment not be prohibited by statute, but it also would not be prohibited by public policy. *Highsmith v. Jefferson County,* a case previously relied upon by the Trustee in opposition to the State's Attorney's motion to quash, holds that the public policy against garnishment of County funds is subject to limited exceptions in extraordinary circumstances. 108 Ill.App.2d 41, 246 N.E.2d 704 (1969) (garnishment appropriate when County ignored a properly obtained writ of mandamus). In addition, sovereign immunity was abolished by the 1970 revisions to the Illinois Constitution. The Illinois constitution also assures "a certain remedy in the laws for all injuries and wrongs." Ill. Const. art I, § 12. Plainly, if mandamus is not the appropriate remedy, garnishment is.

The State's Attorney now argues that an action to enforce a judgment can generally only be sustained against an entity or person named in the judgment. The State's Attorney's argument, however, does not answer the question of whether the County has a duty to pay judgments entered against its Treasurer and Clerk in their official capacities. In light of the State's Attorney's abrupt change of position from arguing that a judgment against Orr and Rosewell was essentially a judgment against the County to arguing that Orr and Rosewell are completely separate from the County for purposes of this proceeding, the Court will, under the doctrine of judicial estoppel, apply the State's Attorney's original admission that the County is liable for judgments entered against Orr or Rosewell.

 The doctrine of judicial estoppel "provides that a party who prevails on one ground in a lawsuit cannot turn around and in another lawsuit repudiate the ground." *McNamara v. City of Chicago,* 138 F.3d 1219, 1225 (7th Cir.1998). "It is designed to protect courts from 'chameleonic litigants,' not necessarily to protect the party invoking the doctrine, who is not required to show prejudice to invoke the doctrine." *Czajkowski v. City of Chicago,* 810 F.Supp. 1428, 1434–1435 (N.D.Ill.1992) (citing *Levinson v. United States,* 969 F.2d 260, 264 (7th Cir. 1992)). Although the Illinois Appellate Court has held "[p]ublic policy forbids the application of the doctrine [of equitable estoppel] ... to a county which is a mere political subdivision of the State, particularly in the collection of revenues by taxation," *Critton v. Gurrola,* 139 Ill.App.3d, 719, 724, 487 N.E.2d 726, 730, 93 Ill.Dec. 901, 905 (1985), "judicial estoppel is closer to collateral estoppel than equitable estoppel, but is still different from both equitable estoppel and collateral estoppel." *Czajkowski,* 810 F.Supp. at 1445. Further, both the Seventh Circuit and the Illinois Appellate Court have applied the doctrine against government bodies. *See id.* at 1444–1445 (discussing the Seventh Circuit's

application of doctrine to government bodies); *People v. Lawlor*, 291 Ill.App.3d 97, 103, 683 N.E.2d 214, 217–218, 225 Ill.Dec. 270, 273–274 (1997) (applying doctrine to "prevent[ ] the State from [ ] asserting that [a] seizure order was a search warrant"); *People v. Wisbrock*, 223 Ill.App.3d 173, 175, 584 N.E.2d 513, 514, 165 Ill.Dec. 334, 336 (1991) (applying doctrine to prevent the State from using breathalyzer results as evidence). Here, the State's Attorney took a wholly inconsistent position in the last judicial proceeding, where it was successful in having the garnishment proceeding dismissed, and will be estopped from arguing otherwise in the mandamus proceeding presently before the Court.[1]

■ Moreover, even apart from estoppel, there is good ground on which to hold that the agreed judgment order is enforceable by mandamus. "[A]ll moneys ... received by ... the office of the county treasurer when acting as such" are county funds. *See* 55 Ill. Comp. Stat. 5/3–11001. The Trustee's preference action sought to recover funds received by the Treasurer when he was acting in his official capacity. He was therefore acting for the county when he received the funds that were county funds. The agreed judgment provides that payment of the judgment will be "reimbursement" of the preferential transfer. That reimbursement must be with county funds. The Treasurer is acting for the county, not himself. The judgment is therefore against the "county" within the meaning of § 5/1–6004; it follows that "the county board *shall* direct an order to be drawn on the county Treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts." 55 Ill. Comp. Stat. § 5/1–6004 (emphasis added).

In addition, the structure of Chapter 55 of the Illinois Compiled Statutes lends support to the applicability of § 5/1–6004 to this proceeding. Article 1 of Chapter 55, in which § 5/1–6004 is contained, encompasses the chapter's general provisions. The State's Attorney originally read § 5/1–6004 to mean that judgments against the Treasurer or Clerk are judgments against the County. This reading appears reasonable in that Article I is a general section of Chapter 55 which can be viewed as applying to all other Articles of Chapter 55, including Article 3 which deals with officers and employees.

Further, if § 5/1–6004 does not apply, there appears to be no specific procedure for enforcing the judgment if, as the court held in *Estate of DeBow v. City of East St. Louis, Illinois*, garnishment of county funds is against public policy. 228 Ill.App.3d 437, 443, 170 Ill.Dec. 457, 592 N.E.2d 1137 (1992). With this public policy in mind, the Court believes it would be imprudent to hold that § 5/1–6004 does not apply to this proceeding and that, therefore, a garnishment would lie. The Court is mindful, however, and the parties should be too, that *Highsmith* stands for the proposition that if a county ignores a writ of mandamus, a garnishment action is a proper alternative. 108 Ill.App.2d at 45, 246 N.E.2d 704.

## CONCLUSION

For the above-stated reasons, the State's Attorney's motion to dismiss the Trustee's Petition for Mandamus is denied. Respondents are directed to answer the Petition on or before May 27, 1998.

---

1. It is also arguable that the "mend the hold" doctrine supports denying the State's Attorney's motion to dismiss. "Under the doctrine of 'mend the hold,' in force in Illinois, a party to a contract cannot ... repudiate a position taken in the course of litigation over the contract." *Horwitz–Matthews, Inc. v. City of Chicago*, 78 F.3d 1248, 1251 (7th Cir.1996). *See also Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 362–364 (7th Cir.1990). The Seventh Circuit has stated that the reach of the doctrine is uncertain, *id.* at 364, and also held that contract principles apply to agreed orders. *See, e.g., Martin v. Davies*, 917 F.2d 336, 339 (7th Cir.1990); *Ferrell v. Pierce*, 743 F.2d 454, 461 (7th Cir.1984). Because judicial estoppel seems a better fit, we will not rely on the mend the hold doctrine here.