THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DAVID DuBOSE, Defendant-Appellee.

Second District   No. 2—03—0500

Opinion filed May 13, 2004.

Joseph E. Birkett, State's Attorney, of Wheaton (Anna B. Harkins, Lisa A. Hoffman, and Neal F. Thompson, Assistant State's Attorneys, and Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael J. Garvey, of Law Offices of Robert F. Stringini, of Addison, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

On October 8, 2002, a Du Page County grand jury returned an indictment charging defendant, David DuBose, with five counts of aggravated driving under the influence of alcohol, drugs, or both (DUI) (625 ILCS 5/11—501(d)(1)(C) (West 2000)). Defendant successfully moved to bar the State from introducing evidence of the results of testing performed on a blood sample drawn from defendant following his arrest. Defendant argued that the State was judicially estopped from using the evidence because defendant's driving privileges had previously been suspended on the basis that he refused to submit to testing. The State filed a certificate of impairment and appealed from the order granting defendant's motion. We reverse and remand.

On April 2, 2004, this court rendered an opinion reversing the

order of the circuit court and remanding the cause for further proceedings. Thereafter, defendant filed a petition for rehearing, arguing that our decision was based in part on the erroneous finding that defendant received medical treatment for injuries he sustained in the accident that resulted in his arrest for DUI. We now deny defendant's petition for rehearing, but withdraw our opinion of April 2, 2004, and issue this opinion in its stead.

Evidence presented at the hearing on defendant's motion establishes that on June 23, 2000, a vehicle that defendant was operating was involved in a multiple-vehicle accident. The accident caused serious personal injuries to another individual. Defendant was arrested at the accident site for DUI. The arresting officer also issued a traffic citation to defendant for failure to reduce speed to avoid an accident. Defendant was then transported to a local hospital. At the hospital, the arresting officer requested that defendant submit to chemical testing of his blood to determine the level of alcohol or other drugs. The officer also administered the warning prescribed by section 11—501.6(c) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501.6(c) (West 2000)), advising defendant, *inter alia*, that refusal to submit to the requested testing would result in the suspension of his driving privileges. Defendant refused to submit to testing. The arresting officer then consulted with his supervisor about having defendant's blood drawn without defendant's consent pursuant to section 11—501.6(b) of the Code (625 ILCS 5/11—501.6(b) (West 2000)), which provides, in pertinent part, that "if a driver of a vehicle is receiving medical treatment as a result of a motor vehicle accident, any physician licensed to practice medicine, registered nurse or phlebotomist acting under the direction of a licensed physician shall withdraw blood for testing purposes *** upon the specific request of a law enforcement officer." The arresting officer's supervisor arrived at the hospital and informed defendant that his blood could be drawn without his consent. The arresting officer testified that "[a]t that point [defendant] stated that's fine, if you want to do it. I want it to be known on the record I refused." During cross-examination, the officer testified as follows:

> "After my supervisor arrived on the scene, my supervisor informed [defendant] of the situation and what the outcome could be. He stated that he, again he would refuse all testing however he would give his blood and urine. He wanted it to be noted on the report that he refused."

Defendant's blood was drawn by a phlebotomist, without any resistance from defendant. The arresting officer submitted to the Secretary of State a sworn report indicating that defendant refused to

submit to testing, and the Secretary of State suspended defendant's driving privileges for three years beginning in August 2000.

During the hearing on defendant's motion, his attorney indicated that defendant had filed a request for a hearing before the Secretary of State to contest the suspension (see 625 ILCS 5/11—501.6(e) (West 2000)). Defendant's attorney indicated that he withdrew the request upon learning that it was claimed that defendant had refused to submit to testing. Citing *People v. Wisbrock*, 223 Ill. App. 3d 173 (1991), defendant contended that the State was judicially estopped from using blood-test results when defendant's driving privileges had been suspended based on his refusal to submit to testing. The trial court granted defendant's motion. The State unsuccessfully moved for reconsideration, and this appeal followed.

■ Section 11—501.6(a) of the Code provides, in pertinent part:

"Any person who drives or is in actual control of a motor vehicle upon the public highways of this State and who has been involved in a personal injury or fatal motor vehicle accident, shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds of such person's blood if arrested *** for any [nonequipment] violation of the Illinois Vehicle Code ***." 625 ILCS 5/11—501.6(a) (West 2000).

Section 11—501.6(d) of the Code (625 ILCS 5/11—501.6(d) (West 2000)) provides for the suspension of the motorist's driving privileges if he or she refuses testing or submits to a test that discloses a blood-alcohol concentration of 0.08 or more or any amount of an illegal drug. As seen, however, in certain circumstances, blood can be drawn for testing without the motorist's consent. The length of the suspension depends on whether the motorist is a "first offender" as defined in section 11—500 of the Code (625 ILCS 5/11—500 (West 2000)) and whether the motorist submits to or refuses testing. 625 ILCS 5/11—501.6(c), 6—208.1(a) (West 2000). Here, defendant was not a first offender. Because the arresting officer's sworn report indicated that defendant refused testing, his suspension was for three years. 625 ILCS 5/6—208.1(a)(3) (West 2000). The suspension period for a non-first offender who submits to testing is only one year. 625 ILCS 5/6—208.1(a)(4) (West 2000).

■ In *Wisbrock*, cited by the trial court as the primary basis for its ruling, a motorist arrested for DUI took a breath test, but the test apparatus issued a result reading, ".11 deficient sample." *Wisbrock*, 223 Ill. App. 3d at 174. The State took the position that the failure to provide a sufficient sample was equivalent to refusal to submit to the

test, and the motorist's driving privileges were suspended on that basis. The *Wisbrock* court held that the doctrine of judicial estoppel barred the State from introducing the test results in a criminal prosecution for DUI. The court reasoned as follows:

"The doctrine of judicial estoppel provides that when a party assumes a certain position in a legal proceeding, that party is estopped from assuming a contrary position in a subsequent legal proceeding. [Citation.] For the doctrine to apply, five factors must be present: (1) the party must have taken two positions; (2) the positions must have been taken in separate judicial or quasi-judicial administrative proceedings; (3) the party must have intended for the trier of fact to accept the truth of the facts alleged in support of the position; (4) the party must have succeeded in asserting the first position and received some benefit from it; and (5) the two positions must be inconsistent. [Citation.]

In the instant case, the State initially took the position that the defendant had refused to take the breathalyzer test. On that basis, the Secretary of State summarily suspended his driver's license. It then took an inconsistent position in the DUI proceeding by attempting to use the result of the test to help convict the defendant. Under these circumstances, we find that the State was judicially estopped from using the breathalyzer result in the DUI trial." *Wisbrock*, 223 Ill. App. 3d at 175.

■ We agree with the State that *Wisbrock* is inapposite. Here, the State has not taken inconsistent positions. In contrast to *Wisbrock*, here the police were authorized to have defendant's blood drawn without his consent because defendant was involved in an accident resulting in personal injury to another individual and he was arrested for a nonequipment violation of the Code. Thus, the fact that blood testing was performed does not imply that defendant consented to having blood drawn. Conversely, under these circumstances, the assertion that defendant refused to submit to testing voluntarily does not imply that no testing was performed. Accordingly, judicial estoppel does not apply.

After the trial court announced its ruling, the State argued that if there was any inconsistency between the State's position in the criminal prosecution and its position with respect to the suspension of defendant's driving privileges, the appropriate remedy would be to rescind the suspension. The trial court responded as follows:

"There will be a remedy. There will be a due process violation because [defendant] had the license suspended. It is past time he could file a petition to rescind based on no probable cause and based on that, I just think that his license has been suspended for a long time. He would have a right to have a hearing consistent

with 11—501.6 suspension or have the hearing a long time ago ***. When [defense counsel] found out it was a refusal, he withdrew the petition. If it was not a refusal, he could have had a hearing then due to a due process violation."

While the trial court's reasoning is not altogether clear, defendant seizes upon these remarks to argue that the blood-test results must be barred as a matter of due process. Defendant notes that he was not charged with a criminal offense until more than 26 months after the three-year suspension of his driving privileges took effect. He claims that it was not until then that he was aware of the State's contradictory positions. Defendant acknowledges that there is no time limit on the right to seek an administrative hearing to contest the suspension. However, he contends that under the circumstances, rescinding the summary suspension would be an inadequate remedy. According to defendant:

"To rule otherwise would allow the State to evade the purpose of the judicial estoppel doctrine by agreeing to rescind a suspension after it has been served to then gain use of test results that the doctrine prohibits them [sic] from using. This would seem to violate due process."

Stated in this form, the argument is easily disposed of because it is simply a variation of the judicial estoppel argument that we have already found wanting. Moreover, we fail to see how the State's delay in bringing criminal charges caused any prejudice with respect to defendant's ability to contest the suspension of his driving privileges. Defendant has not identified what he could or would have done differently in an administrative hearing if the criminal charges had been brought earlier. In this regard, we recognize the apparent unfairness of imposing a lengthy suspension period on a motorist for withholding consent to blood testing when that consent is unnecessary in the first place. To the extent the law currently permits this result, it is a matter our General Assembly may wish to address. It has no bearing, however, on the resolution of this appeal.

For the foregoing reasons, we reverse the order of the circuit court of Du Page County barring the introduction of blood-test results and we remand the cause for further proceedings.

Reversed and remanded.

McLAREN and KAPALA, JJ., concur.