# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *BMO Harris Bank National Ass'n v. LaRosa*, 2017 IL App (1st) 161159

</div>

| | |
|---|---|
| Appellate Court Caption | BMO HARRIS BANK NATIONAL ASSOCIATION f/k/a Harris N.A., Plaintiff-Appellee, v. JOSEPH LaROSA, a/k/a Joseph LaRosa, Jr., KELLY LaROSA, a/k/a Kelly Renee Matthiesen-Sipple, McKINLEY PARK LOFTS CONDOMINIUM ASSOCIATION, and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants (Joseph LaRosa and Kelly LaRosa, Defendants-Appellants). |
| District & No. | First District, First Division<br>Docket No. 1-16-1159 |
| Filed | April 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-1135; the Hon. Allen P. Walker, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Robert Habib, of Chicago, for appellants.<br><br>Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellee. |

PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.
Justices Harris and Mikva concurred in the judgment and opinion.


**OPINION**

¶ 1        Defendants, Joseph and Kelly LaRosa, appeal an order of the circuit court that struck and dismissed their petition for relief pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). Defendants had sought to vacate the personal deficiency judgment that was entered against them as part of a foreclosure. On appeal, defendants contend that their section 2-1401 petition was not barred by section 15-1509(c) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1509(c) (West 2012)). We affirm.

¶ 2        The record reveals that on January 21, 2014, plaintiff, BMO Harris Bank National Association (BMO Harris), brought a mortgage foreclosure lawsuit against defendants relating to a condominium unit located at 2323 West Pershing Road in Chicago. In its complaint, BMO Harris stated that defendants had not made payments since August 1, 2013. Among other relief, BMO Harris sought a judgment of foreclosure and sale and a personal deficiency judgment. The note attached to the complaint stated that defendants initially borrowed $228,700. The record indicates that on January 28, 2014, Joseph LaRosa was personally served at an alternate address and accepted substitute service on behalf of Kelly LaRosa, his wife.

¶ 3        On April 4, 2014, BMO Harris filed a motion for entry of an order of default and judgment of foreclosure and sale, stating that no appearances or answers had been filed. On the same day, BMO Harris also filed a petition to shorten the redemption period. BMO Harris asserted that per an attached affidavit, it appeared that defendants had no intention of occupying the property and appeared to have abandoned it. The affidavit stated that defendants had indicated that they were pursuing a short sale.

¶ 4        On April 28, 2014, the court entered an order of default against defendants and an order shortening the redemption period. The court also entered a judgment for foreclosure and sale, which stated that BMO Harris was owed $235,232.90. This amount included principal, accrued interest, advances by BMO Harris, costs of the suit, attorney fees, and additional interest.

¶ 5        At a sale held on June 11, 2014, an entity known as PKL City, LLC purchased the property for $58,000. The report of sale and distribution indicated that there was a deficiency of $180,697.22.

¶ 6        On July 14, 2014, the court entered an order approving the report of sale and distribution, confirming the sale, and ordering possession. The order stated that there was an *in personam* deficiency judgment for $180,697.22 entered against defendants. Also on July 14, the court entered a memorandum of judgment against defendants.

¶ 7        On November 16, 2015, defendants filed a petition pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)) to "vacate the personal judgment entered July 14, 2014." In the petition, defendants stated in part that the court's order that shortened the redemption period was clearly erroneous because defendants' whereabouts were known and they had not

abandoned their right to the property, given that they had been trying to sell it. Defendants also raised a challenge based on BMO Harris's conduct around the deficiency judgment. Defendants contended that they did not receive notice of the personal default judgment in the amount of $180,697.22 and were "totally unaware" of it. Defendants further stated that BMO Harris subsequently issued a form 1099-C, "Cancellation of Debt," which informed defendants that $160,060 was discharged.[1] According to defendants, BMO Harris took advantage of "whatever tax benefits a [b]ank gains" when it issues a form 1099-C, while defendants filed their 2014 tax returns and reported the cancellation of debt to the IRS. Defendants asserted that they did not learn of the judgments entered against them until October 26, 2015, when they heard from a collection agency. Defendants contended that BMO Harris acted dishonestly and fraudulently by taking a judgment against defendants, reporting to the IRS and defendants that the debt had been cancelled, and then trying to collect the debt. Defendants further stated that they had a meritorious defense because they never abandoned the property and showed due diligence in that they filed the petition as soon as they learned of the judgment against them.

¶ 8    The aforementioned form 1099-C was attached to the section 2-1401 petition. The form was issued to Kelly LaRosa on January 12, 2015, and stated that the amount of debt discharged was $162,060. Also attached to the section 2-1401 petition was a letter dated October 21, 2015, from a collection agency to Joseph LaRosa that stated that he had an outstanding balance of $202,781.61 due to the original creditor, Harris N.A.

¶ 9    On February 5, 2016, BMO Harris filed a motion to strike and dismiss defendants' section 2-1401 petition. BMO Harris contended that the petition was barred by the plain language of section 15-1509(c) of the Foreclosure Law (735 ILCS 5/15-1509(c) (West 2012)), which acts as a complete bar to a defendant in a mortgage foreclosure matter once the title has vested by deed. BMO Harris stated that title to the foreclosed property vested by a deed that was recorded on July 17, 2014. Additionally, BMO Harris contended that defendants did not plead a meritorious defense and did not show due diligence before or after entry of the final judgment.

¶ 10    In response to the motion to strike and dismiss, defendants asserted that section 15-1509 does not contain language that bars a section 2-1401 petition as to a personal deficiency judgment. Defendants stated that section 15-1509 was intended to protect the validity of titles transferred during foreclosure, and nothing in the statute speaks to the infallibility of deficiency judgments. Defendants further stated that other sections of the Foreclosure Law that mention deficiency judgments also do not contain any language barring a section 2-1401 petition.

¶ 11    On April 1, 2016, the court entered a written order that granted BMO Harris's motion to strike and dismiss "on the ground that 735 ILCS 5/15-1509(c) bars the Section 2-1401 Petition." The court further stated that it "does not consider any of the other issues raised in the Motion to Strike." There is no transcript for this proceeding, but the order stated that the court entered the order having been fully briefed, having heard the arguments of counsel, and being fully advised in the premises.

¶ 12    On appeal, defendants contend that section 15-1509(c) of the Foreclosure Law (735 ILCS 5/15-1509(c) (West 2012)) does not bar their petition. Defendants assert that section 15-1509 is silent as to bringing section 2-1401 petitions to vacate a deficiency judgment. Defendants further argue that section 15-1509 relates to protecting the titles transferred with the order

---

[1]The form 1099-C in the record states that the amount discharged was $162,060, as noted *infra* ¶ 8.

confirming the sale. According to defendants, the court improperly dismissed their petition where defendants were not challenging the deed or trying to void the decree that confirmed the sale.

¶ 13    We briefly summarize each statute involved in this matter—section 2-1401 of the Code and section 15-1509(c) of the Foreclosure Law. Section 2-1401 of the Code provides a procedure by which final orders, judgments, and decrees may be vacated more than 30 days after they are entered. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). To be entitled to relief, a petitioner must affirmatively set forth specific factual allegations that meet each of three elements: (1) the existence of a meritorious defense or claim, (2) due diligence in presenting this defense or claim to the circuit court in the original action, and (3) due diligence in filing the section 2-1401 petition. *Id.* at 220-21.

¶ 14    Meanwhile, section 15-1509(c) of the Foreclosure Law (735 ILCS 5/15-1509(c) (West 2012)) provides:

> "Any vesting of title by a consent foreclosure pursuant to Section 15-1402 or by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure ***. Any person seeking relief from any judgment or order entered in the foreclosure in accordance with subsection (g) of Section 2-1301 of the Code of Civil Procedure may claim only an interest in the proceeds of sale."

¶ 15    Turning to the standard of review, a section 2-1401 petition that presents a fact-dependent challenge to a final judgment or order is reviewed for an abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51. However, for cases involving purely legal questions—as here, where the question is whether section 15-1509(c) bars a section 2-1401 petition seeking to vacate a personal deficiency judgment—our review is *de novo*. *Id.* ¶ 47. See also *Home Star Bank & Financial Services v. Emergency Care & Health Organization, Ltd.*, 2014 IL 115526, ¶ 22 (issues of statutory construction are reviewed *de novo*).

¶ 16    In addition to contending that section 15-1509(c) bars defendants' section 2-1401 petition, BMO Harris also asserts that defendants' section 2-1401 petition was properly dismissed because it solely raised postjudgment events to challenge the judgment. We note that an appellee may raise any argument in support of the circuit court's judgment, even if the argument was not raised in the circuit court, as long as the argument has a sufficient factual basis in the record. *People v. Coyne*, 2014 IL App (1st) 123105, ¶ 20. See also *Galena Park Home v. Krughoff*, 183 Ill. App. 3d 206, 208 (1989).

¶ 17    The purpose of a section 2-1401 petition is to bring before the court facts not appearing in the record which, if known at the time judgment was entered, would have prevented the judgment. *In re Marriage of Lyman*, 2015 IL App (1st) 132832, ¶ 55. There is a split of authority as to whether a section 2-1401 petition may raise matters that arose after the underlying judgment was rendered. *People v. Howard*, 363 Ill. App. 3d 741, 746 (2006) (noting split of authority on this issue); *People ex rel. Ulrich v. Stukel*, 294 Ill. App. 3d 193, 200 (1997) (noting split of authority). This court's most recent decision on the matter, *Howard*, rejected a rule that would permit a section 2-1401 petition to be based on "circumstances or conditions arising after the judgment, which are unrelated to those in existence prior to the judgment." *Howard*, 363 Ill. App. 3d at 747-48. However, we do not have to determine

whether defendants' section 2-1401 petition was properly dismissed on this basis because we find that it is barred by section 15-1509(c) of the Foreclosure Law, which we turn to next.

¶ 18    In construing section 15-1509(c) of the Foreclosure Law, we keep in mind that "[t]he fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent." *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 394 (2003). "The best indication of legislative intent is the statutory language given its plain and ordinary meaning." *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 184 (2009). If the language is clear and unambiguous, we must apply the statute without using further aids of statutory construction. *Krohe*, 204 Ill. 2d at 395.

¶ 19    Section 15-1509(c) states that the vesting of title by deed—which the parties do not dispute occurred here—"shall be an entire bar of *** all claims of parties to the foreclosure." 735 ILCS 5/15-1509(c) (West 2012). This court has found that language to be "clear and unambiguous." *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224, ¶ 30 (finding that section 15-1509(c) barred the claims in the defendant's section 2-1401 petition to vacate the foreclosure judgment and confirmation of sale based on the plaintiff's acceptance of additional payments from the defendant after the foreclosure judgment was entered). Indeed, section 15-1509(c)'s language is very clear—all claims of the parties to the foreclosure are barred. There are exceptions to this rule. One exception is where a party seeks to challenge the judgment as void due to lack of personal jurisdiction. See *MB Financial Bank, N.A. v. Ted & Paul, LLC*, 2013 IL App (1st) 122077, ¶ 22; *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 15. Another exception is explicitly provided for in section 15-1509(c), which states that a party may seek relief in the form of claiming an interest in the proceeds of the sale. 735 ILCS 5/15-1509(c) (West 2012). Neither of those exceptions applies here, and the plain language of the statute bars defendants' challenge to the personal deficiency judgment.

¶ 20    Defendants rely on *CitiMortgage, Inc. v. Sharlow*, 2014 IL App (3d) 130107, which actually involved the second exception noted above, where a party claims an interest in the proceeds of the sale. Defendants assert that like the defendant whose petition was not barred by section 15-1509(c) in *Sharlow*, they are not trying to vacate the foreclosure decree and order confirming the sale. After the deed was recorded in *Sharlow*, the defendant filed a section 2-1401 petition to modify the order confirming the sale. *Id.* ¶ 6. In the petition, the defendant stated that she was not notified of a surplus from the sale of the property. *Id.* The defendant further stated that sometime later, she received a federal income tax notice relating to the sale, and as a result of that notice, she had to amend her tax filings and pay income tax on a surplus from the sale, which she never received. *Id.* On appeal, the plaintiff asserted that the defendant's petition was barred by section 15-1509(c) of the Foreclosure Law. *Id.* ¶ 15. The court rejected that assertion because the defendant's "only claim was as to the proceeds from the sale, a claim that was not barred by section 15-1509(c)." *Id.* In *Sharlow*, the defendant's claim was explicitly allowed by section 15-1509(c). In contrast, defendant here seeks to vacate a personal deficiency judgment. *Sharlow* does not help defendants overcome the plain language of section 15-1509(c) that bars their petition.

¶ 21    Defendants' arguments related to statutory construction are also unavailing. Defendants assert that the title of section 15-1509, "Transfer of Title and Title Acquired," indicates that the legislature was only concerned with protecting the title acquired by the order confirming the sale and not the deficiency judgment. Defendants overlook that the title of the section is not

dispositive. Section 15-1107(a) of the Foreclosure Law states that "any other Article of the Code of Civil Procedure" applies to foreclosure cases (735 ILCS 5/15-1107(a) (West 2012)). This includes section 1-103 of the Code, which states that "Article, Part and Section headings *** shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any Article, Part or Section of this Act." 735 ILCS 5/1-103 (West 2012). We cannot ascribe intent through the title of the section.

¶ 22 Defendants also point to sections 15-1508 and 15-1511 of the Foreclosure Law (735 ILCS 5/15-1508, 15-1511 (West 2012)), which they state relate to personal deficiency judgments but do not mention section 2-1401 petitions. According to defendants, if the legislature wanted to bar section 2-1401 petitions to vacate a personal deficiency judgment, then sections 15-1508 or 15-1511 would have contained corresponding language. We are not persuaded by this reasoning. Section 15-1508 merely states that an order confirming the sale may provide for a personal deficiency judgment against any party. 735 ILCS 5/15-1508(b)(2), (e) (West 2012). Section 15-1511 states, "Except as expressly prohibited by this Article, foreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency." 735 ILCS 5/15-1511 (West 2012). Defendants are correct that those sections do not state that section 2-1401 petitions to vacate a deficiency are barred, but another section does—section 15-1509(c), which bars all claims of parties to the foreclosure, subject to certain exceptions that do not apply here. 735 ILCS 5/15-1509(c) (West 2012). The bar to challenging deficiency judgments is located in section 15-1509(c), and it does not conflict with the other sections' statements that a mortgagee may obtain a deficiency judgment. Defendants essentially urge this court to read an exception for deficiency judgments into section 15-1509(c), which we cannot do based on the plain and ordinary meaning of the language. See *Kinzer*, 232 Ill. 2d at 184-85 ("[w]e may not depart from a statute's plain language by reading into it exceptions, limitations, or conditions the legislature did not express"). The circuit court correctly dismissed defendants' section 2-1401 petition because it was barred by section 15-1509(c) of the Foreclosure Law.

¶ 23 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 24 Affirmed.